T.C. Summary Opinion 2015-26

UNITED STATES TAX COURT

ROBERTA LEE HOWE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21360-13S.                    Filed April 9, 2015.

Roberta Lee Howe, pro se.

<u>Jeffrey L. Heinkel</u>, <u>Erin Kathleen Salel</u>, and <u>Donna L. Crosby</u>, for
respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $1,035 and $2,486 in petitioner's Federal income tax for tax years 2010 and 2011, respectively. In accordance with the parties' stipulations, the only remaining issue for decision is whether petitioner is entitled to deductions for contributions of noncash property to various charitable organizations.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in California at the time she filed her petition.

Petitioner timely filed her 2010 and 2011 Federal income tax returns. On her 2010 tax return, she claimed deductions of $7,100 for cash contributions to charity and $2,500 for noncash contributions to charity. On her 2011 tax return, she claimed a deduction of $4,400 for cash contributions to charity. For tax year 2010 respondent allowed deductions of $200 for cash contributions to charity and $2,500 for noncash contributions to charity. For tax year 2011 respondent allowed deductions of $380 for cash contributions to charity and $1,000 for noncash

contributions to charity even though petitioner did not originally claim a deduction for any noncash contributions to charity on her 2011 return.

Petitioner acknowledged that the original claimed cash charitable contribution deduction amounts were incorrect but stated to respondent that they should have been reported as noncash charitable contribution deductions. During 2010 and 2011 petitioner donated to various charities household items she had inherited from her parents, who died before the tax years in issue, and from her sister, who died in 2010. Petitioner made donations to the Baras Foundation (Baras) and to the Animal Protection & Rescue League (APRL). To support her claimed deductions for the donations, petitioner submitted various receipts from Baras and APRL. Most of the receipts lack one or more of the following: type of property donated, value of property donated, signature of anyone acting on behalf of the donee organization, or a statement to the effect that no goods or services were rendered in exchange for the donated property. The following table represents the receipts petitioner submitted to substantiate her donations to charity:

| Donee | Property donated | Value | Date | Signature |
|-------|------------------|-------|------|-----------|
| Baras | --- | --- | 2/2010 | --- |
| APRL | TVs | --- | 2/20/2010 | C. Suitre |
| APRL | Furniture | $500 | 4/7/2010 | Leslie Pedersen |

| | | | | | |
|---|---|---|---|---|---|
| Baras | TVs, stereos, living room furniture | --- | | 10/2010 | --- |
| APRL | Clothes and blankets | --- | | 10/8/2010 | Leslie Pedersen |
| Baras | --- | | 500 | 2/2011 | --- |
| Baras | --- | | --- | 3/2011 | --- |
| Baras | --- | | 150 | 5/2011 | --- |
| Baras | --- | | --- | 8/2011 | --- |
| APRL | TV, washer, dryer, furniture | | 600 | 8/7/2011 | Olga Cortes |
| Baras | --- | | --- | Illegible | --- |

Petitioner submitted to the Court donation guides from Goodwill and the Salvation Army that she used to assess the value of clothing donated to Baras and APRL. Although only one receipt reflects a donation for clothes, and that receipt does not place a value on the clothes donated, petitioner claims a deduction of $1,848 for clothes donated to charity. Petitioner's handwritten notes assign the maximum recommended value to each item of clothing donated, except for three coats, to which she assigned lower values than those recommended by the Goodwill donation guide. The handwritten notes do not describe the age or condition of the clothing donated.

Trial in this case was held on October 28, 2014. At trial petitioner submitted amended receipts where she had filled in many of the missing fields

reflected on the above table. On cross-examination, petitioner admitted to having filled in those values on the night before trial.

## Discussion

### I. Burden of Proof

The Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

### II. Charitable Contributions

Section 170(a)(1) allows as a deduction any charitable contribution made within the taxable year. Taxpayers must satisfy certain statutory and regulatory substantiation requirements in order to deduct charitable contributions. See id.; sec. 1.170A-13, Income Tax Regs. The nature of the required substantiation

depends on the size of the contribution and on whether the contribution consists of cash or property. For all donations of property, the taxpayer should maintain for each contribution a receipt from the donee organization detailing the name of the donee organization, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances. Sec. 1.170A-13(b)(1), Income Tax Regs. If the donation is made under circumstances where obtaining a receipt is impractical, such as by leaving property at a charity's unattended donation site, the taxpayer shall maintain written records containing certain information on the donation. Id.

Contributions of $250 or more in property must be substantiated by a contemporaneous written acknowledgment from the donee organization that contains a description of the property contributed and a statement detailing whether the donee provided any goods and services in exchange for the donation, and if so, a description and good-faith estimate of the value of any such goods and services given in consideration for the contribution. Sec. 170(f)(8)(A) and (B). An acknowledgment is considered contemporaneous if the taxpayer obtains the acknowledgment on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing that return. Sec. 170(f)(8)(C). When the

claimed value of the donated property exceeds $500, taxpayers must: (1) meet the information requirements for donations of $250 or more, (2) maintain records with a more detailed description of the property, including the manner and approximate date of acquisition and cost or other basis in the property, and (3) include certain information with the return. Sec. 170(f)(11)(B); sec. 1.170A-13(b)(3)(i)(A) and (B), Income Tax Regs. If the taxpayer has reasonable cause for not being able to provide the acquisition date or the cost basis in the donated property, the taxpayer may attach an explanatory statement to his or her tax return to be excused from these requirements. Sec. 1.170A-13(b)(3)(ii), Income Tax Regs.

For contributions of less than $250, each contribution is treated separately for purposes of the section 170(f)(8) requirements. See sec. 1.170A-13(f)(1), Income Tax Regs. For purposes of the section 170(f)(11) requirements, contributions of "similar items of property" are aggregated in determining whether the $500 threshold has been exceeded and whether the attendant substantiation requirements have been met. Sec. 170(f)(11)(F). The phrase "similar items of property" means property that falls into the same general category or type, such as furniture, electronic equipment, or clothing. Sec. 1.170-13(c)(7)(iii), Income Tax Regs.

A.    Contributions of $250 or More

All contributions of $250 or more must be substantiated by a contemporaneous written acknowledgment from the donee organization. Sec. 170(f)(8)(A). Petitioner admitted to modifying the receipts from Baras and APRL on the eve of trial by adding estimated fair market values and more detailed descriptions of the property donated. These modified receipts do not constitute contemporaneous written acknowledgments from Baras or APRL, and the Court will not rely on them for purposes of determining whether petitioner has met the substantiation requirements. Instead, the Court will rely only on the unmodified receipts, the contents of which are laid out in the table supra pp. 3-4.

Of the unmodified receipts submitted to the Court, only four contain donation values. Two receipts contain donation values of $500, which means they must meet the substantiation requirements for donations of $250-$500. The first receipt, for furniture donated to APRL on April 7, 2010, fails to meet the substantiation requirements because (1) "furniture" is not a description that is reasonably sufficient under the circumstances, and (2) it does not contain a statement as to whether any goods and services were rendered by APRL in exchange for the furniture. See sec. 170(f)(8)(A) and (B); sec. 1.170A-13(b)(1), Income Tax Regs. The second receipt, for property donated to Baras in February

2011, fails to meet the substantiation requirements because it (1) contains no description of the property donated and (2) does not state whether Baras rendered any goods and services in exchange for the donated property. See sec. 170(f)(8)(A) and (B).

B. Contributions Exceeding $500

Contributions of property exceeding $500 in value must be further substantiated with information about (1) the approximate date the property was acquired and the manner of its acquisition; (2) a description of the property in detail reasonable under the circumstances; (3) the cost or other basis in the property; (4) the fair market value of the property; and (5) the method used in determining its fair market value. Sec. 1.170(A)-13(b)(2)(ii)(C) and (D), (3)(i)(A) and (B), Income Tax Regs. The taxpayer must include with his return "a description of such property and such other information as the Secretary may require." Sec. 170(f)(11)(B).

Petitioner provided one receipt for property exceeding $500 in value for a donation on August 7, 2011, of a "TV, washer, dryer, [and] furniture" to APRL. Petitioner did not provide the required information under section 170(f)(11)(B) regarding the August 7, 2011, donation to APRL, such as the approximate date and manner of acquisition or cost or other basis in the property, nor did she attach

an explanatory statement detailing why such information was unavailable. See sec. 1.170A-13(b)(3)(ii), Income Tax Regs. In addition, the descriptions of the donated items are not sufficiently detailed, and the receipt does not state whether APRL provided any goods and services in exchange for the donation. See sec. 170(f)(8)(A) and (B). Accordingly, this receipt does not meet the substantiation requirements for donations exceeding $500 in value.

### C. Remaining Contributions

The remaining receipts petitioner submitted to the Court lack donation values. The fair market value of contributed property need not be stated on the receipt, but it is one of the circumstances to be considered when determining the amount of detail included on the receipt. Sec. 1.170A-13(b)(1)(iii), Income Tax Regs. Except for the receipt from Baras with an illegible date, these receipts meet two of the minimum requirements for contributions of property--namely, they each list the name of the donee organization and the date and location of the contribution. See sec. 1.170A-13(b)(1), Income Tax Regs. However, they fail to describe the contributed property in detail reasonably sufficient under the circumstances. See id. The receipts from Baras dated February 2010, March 2011, and August 2011 and the receipt with an illegible date contain no description of the contributed property at all. The February 20 and October 8,

2010, donations to APRL state only that "TVs" and "clothes and blankets" were donated but do not give any further description as to these items. Likewise, the October 2010 receipt from Baras lists "TVs, stereos, living room furniture" but does not provide sufficient detail under the circumstances. These receipts are insufficient to provide substantiation for petitioner's claimed deductions.

III. Conclusion

Petitioner has failed to carry her burden of proving her entitlement to the claimed deductions for charitable contributions. Because petitioner did not satisfy the substantiation requirements, we are unable to allow her any deduction in excess of what respondent has already allowed.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.